NOT FOR PUBLICATION                                                              (Doc. No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| SARA FUENTES, | : |
| Plaintiff, | : Civil No. 14-8118 (RBK/KMW) |
| v. | : **OPINION** |
| DR. RANEE MEHRA, M.D., et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the unopposed motion by Defendants to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue pursuant to Rule 12(b)(3), or in the alternative, to transfer venue to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). For the reasons expressed below, although the Court finds that there is no personal jurisdiction over Defendants and that venue is improper under 28 U.S.C. § 1391, it will deny Defendants' motions to dismiss and instead transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

### I.   BACKGROUND

This dispute arises out of Plaintiff Sara Fuentes' ("Plaintiff") claim for alleged medical malpractice during a course of treatment and observation by Defendant Dr. Ranee Mehra ("Dr. Mehra") at Defendant American Oncologic Hospital d/b/a Fox Chase Cancer Center (incorrectly

1

identified as Fox Chase Cancer Center; hereinafter "American Oncologic Hospital") (collectively "Defendants").  Dr. Mehra is a citizen of Pennsylvania and has a license to practice medicine solely in Pennsylvania.  (Am. Compl. ¶ 5; Defs. Br. 2.)  American Oncologic Hospital is also a citizen of Pennsylvania because it is incorporated in Pennsylvania and has its principal place of business in Pennsylvania.  (Am. Compl. ¶ 6.)  Plaintiff, on the other hand, is a citizen of New Jersey.  (Id. at ¶ 4.)

Plaintiff received treatment and observation from Defendants from 2010-2013 due to her previous diagnosis of lung cancer.  (Id. at ¶¶ 7-15.)  In 2012, Plaintiff underwent a period of observation with no reported recurrence of the cancer.  (Id. at ¶ 8.)  Around January 2012, a PET scan revealed a nodule in Plaintiff's lower lobe.  (Id. at ¶ 10.)  However, Defendants failed to inform Plaintiff of the presence of the nodule.  (Id.)  A second nodule was revealed by a PET scan on October 26, 2012.  (Id. at ¶ 13.)  Dr. Mehra did not inform Plaintiff of these nodules until December 3, 2012.  (Id. at ¶ 14.)  On January 8, 2013, Dr. Mehra further informed Plaintiff that a biopsy showed that she was positive for malignant cells.  (Id. at ¶ 15.)  Plaintiff alleges that Defendants were negligent for their failure to recognize her condition in a timely manner.  (Id. at ¶ 19.)  She further alleges that this negligence has caused her and will continue to cause her great pain and suffering, and to incur medical expenses.  (Id.)

All of the alleged medical malpractice occurred at the American Oncologic Hospital facility located in Philadelphia, Pennsylvania; Plaintiff does not allege that any care was provided in New Jersey.  (Def.'s Br. 2; Am Compl.)  Plaintiff does allege in her Amended Complaint that Fox Chase Cancer Center provides oncology services in three locations in New

2

Jersey.[1]  (Am. Compl. ¶ 6.)

Plaintiff filed her Complaint on December 31, 2014.  (Doc. No. 1.)  Upon this Court's order, Plaintiff filed an Amended Complaint properly alleging diversity jurisdiction on January 19, 2015.  (Doc. No. 6.)  Thereafter, Defendants filed the instant motion.  (Doc. No. 7.)

## II.     LEGAL STANDARDS

### A.  Personal Jurisdiction

When a defendant raises a personal jurisdictional objection, the plaintiff bears the burden of showing that jurisdiction is proper.  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  A plaintiff meets this burden by presenting a prima facie case for the exercise of personal jurisdiction, which requires that he or she establish "with reasonable particularity sufficient contacts between the defendant and the forum state." Id. (citing Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434 (3d Cir. 1987)).  It is insufficient to rely on the pleadings alone; rather a plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence.  Patterson v. Fed. Bureau of Investigation, 893 F.2d 595, 603-04 (3d Cir. 1990) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)).

### B.  Venue

On a Rule 12(b)(3) motion to dismiss for improper venue, the burden is on the moving party to show that venue is improper.  Bockman v. First Am. Mktg. Corp., 459 Fed. App'x 157,

---

[1] Plaintiff alleges that Fox Chase Cancer Center has facilities in Voorhees, Marlton, and Mt. Holly, New Jersey. It is unclear whether or not American Oncologic Hospital is affiliated with these New Jersey Locations of Fox Chase Cancer Center.

160 (3d Cir. 2012) (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724–25 (3d Cir. 1982)). Importantly, venue must be proper as to each claim.  See, e.g., Cmty. Surgical Supply of Tom's River, Inc. v. Medline Diamed, LLC, No. 11–221, 2011 WL 3235706, at *3 (D.N.J. July 28, 2011).  In considering a Rule 12(b)(3) motion, a court must generally accept a complaint's allegations as true, unless contradicted by the defendant's affidavits, and a court may consider facts outside the complaint; but all reasonable inferences must be made in the plaintiff's favor. See Bockman, 459 Fed. App'x at 158 n.1.

### III. DISCUSSION

Defendants move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2) and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  As discussed below, the Court finds that there is no personal jurisdiction over Defendants in New Jersey and that venue is improper in New Jersey under 28 U.S.C. § 1391(b).  However, the Court will transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

#### A. Personal Jurisdiction

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry.  IMO Indus., Inc. v. Kiekert, AG, 155 F.3d 254, 259 (3d Cir. 1998).  First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction.  Id.; see Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Fed. R. Civ. P. 4(k)) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.") Second, the court must apply the principles of due process.  IMO Indus., Inc., 155 F.3d at 259. In New Jersey, this inquiry is combined into a single step because the New Jersey long-arm

statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause.  Id.; see Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4-4(c)) ("The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection.")

Due process permits the exercise of personal jurisdiction over a nonresident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat'l Bank, 819 F.2d at 437 (internal citations and quotations omitted).  A plaintiff may establish jurisdiction by proving the existence of either specific or general jurisdiction.  Id.  To establish specific jurisdiction, a plaintiff must demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." Id.  On the other hand, to establish general jurisdiction, the plaintiff must "show significantly more than mere minimum contacts"; the defendant's forum contacts must be "continuous and substantial." Id. (citing Gehling v. St. George's Sch. of Med., Ltd, 773 F.2d 539, 541 (3d Cir. 1985); Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877 (3d Cir. 1981)).

Specific jurisdiction is established when a nonresident defendant has "purposefully directed" his activities at a resident of the forum and the injury arises from, or is related to, those activities. See Burger King Corp. v. Rudzewiczi, 471 U.S. 462, 472 (1985).  To comport with the requirements of Due Process, a plaintiff must show that (1) the nonresident defendant has "certain minimum contacts with [the forum state]" and that (2) "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The minimum contacts requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff. See World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297–98 (1980). Put differently, there must be some act or acts by which a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, Hanson v. Denckla, 357 U.S. 235, 253 (1958), such that the defendant should "reasonably anticipate being haled into court" there. World–Wide Volkswagen Corp., 444 U.S. at 297.

In this instance, the Court does not find that Plaintiff has met her burden of proof in establishing that Defendants have the requisite minimum contacts with the District of New Jersey in order to be subject to specific jurisdiction here. Even if it is assumed that American Oncologic Hospital has contacts to New Jersey through the Fox Chase Cancer Centers in the three New Jersey locations,[2] Plaintiff alleges nothing to demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." Provident Nat'l Bank, 819 F.2d at 437. Therefore, even if the Defendants "purposefully directed" some activities at the forum state, the injury did not arise from, or is not related to, those activities. See Burger King Corp., 471 U.S. at 472; see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (noting that in order for a forum state to exercise specific jurisdiction over a defendant, the case must "arise out of or relate" to the defendant's activities within the state). Consequently, there is no specific jurisdiction over American Oncologic Hospital.

Furthermore, there is no specific jurisdiction over Dr. Mehra because Plaintiff does not

---

[2] See supra, note 1.

6

allege that Dr. Mehra has any contacts whatsoever with New Jersey but rather that she is a citizen of Pennsylvania and licensed to practice therein. Therefore, the Plaintiff has not met her burden of proof and there is no specific jurisdiction over either defendant.[3]

Nevertheless, general jurisdiction may be invoked when the claim does not "arise out of or is unrelated to the defendant's contacts with the forum." Carteret Sav. Bank, FA, 954 F.2d at 149 (quoting Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984)). General jurisdiction is satisfied when the defendant's affiliations with the forum state are so "continuous and systematic" as to render them "at home" in the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011). A corporation will be deemed at home in certain "paradigm forum[s]," which include the state in which the corporation is incorporated and has its principal place of business. Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014). An individual will be deemed at home where he or she is domiciled. Id.

Here, American Oncologic Hospital is "at home" in Pennsylvania, not New Jersey, because it is incorporated in Pennsylvania and has its principal place of business in Pennsylvania. While these "paradig[m] . . . bases for general jurisdiction" set forth in Daimler are not an exhaustive list, Plaintiff fails to allege any other facts that would render American Oncologic Hospital essentially at home in New Jersey.[4] Daimler AG, 134 S.Ct. at 760.

---

[3] Since the specific jurisdiction analysis fails at the first step, there is no need to analyze whether or not the second step is met in which the maintenance of the suit must not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316.

[4] Daimler held that in the context of general jurisdiction, it is not enough that a corporation engage in "substantial, continuous, and systematic" business in a state. 134 S.Ct. at 761. For that reason, the fact that Fox Chase Cancer Center does business in New Jersey alone is insufficient to render American Oncologic Hospital "at home" in New Jersey, even when assuming that American Oncologic Center has contact with New Jersey through the Fox Chase Cancer Center locations. Rather, only in an "exceptional case . . . [would] a corporation's operations in a forum

Additionally, Dr. Mehra is "at home" in Pennsylvania and not New Jersey because she is domiciled in Pennsylvania. Therefore, because there is not general or specific jurisdiction over Defendants, New Jersey does not have personal jurisdiction over them.

### B. Venue

Defendants argue that venue in New Jersey is improper because Defendants do not reside in New Jersey and none of the events underlying this lawsuit occurred in New Jersey. Generally, in a diversity action, venue is proper only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the reasons expressed below, this Court finds that venue is not proper in this district.

### 1. Venue in New Jersey is not proper under 28 U.S.C. § 1391(b)(1).

New Jersey is not a proper venue under § 1391(b)(1) because Defendants are not residents of New Jersey. For purposes of venue, an individual is considered to reside in the judicial district in which he or she is domiciled. 28 U.S.C. § 1391(c)(1). Meanwhile, a corporation is considered to reside in any district in which it is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2). As discussed above, American Oncologic Hospital is not

---

other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation at home in that State." Id. at n.19. See e.g., Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 447-48 (1952) (holding that there was general jurisdiction in Ohio over a Philippine corporation that had its temporary place of business in Ohio due to the Japanese invasion of the Philippines during World War II). Because Plaintiff fails to allege any of these "exceptional" circumstances, there is no general jurisdiction over Defendants.

subject to the Court's personal jurisdiction. And Dr. Mehra is domiciled in Pennsylvania because she is a citizen of Pennsylvania. Consequently, because neither Defendant resides in New Jersey, venue is not proper here under § 1391(b)(1).

### 2. Venue in New Jersey is not proper under 28 U.S.C. § 1391(b)(2).

Venue is also improper under § 1391(b)(2) since a substantial part of the events or omissions giving rise to this claim did not occur in New Jersey. According to the Third Circuit, "[t]he test for determining venue [under § 1391(b)(2)] is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." Cottmann Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (internal quotations omitted). Events or omissions that only have "some tangential connection" with the dispute are not sufficient to support venue under § 1391(b)(2). Id.

The Court finds that the acts or omission relevant to Plaintiff's claims all substantially occurred outside New Jersey. Plaintiff's claims arise from Defendants' alleged medical malpractice. This alleged medical malpractice, which consisted of treatment and observation from 2010-2013, occurred at American Oncologic Hospital's facility in Philadelphia, Pennsylvania. The PET scans which showed nodules on Plaintiff's lungs were conducted in Pennsylvania as were all consultations with Dr. Mehra, who was only licensed to practice in Pennsylvania. Plaintiff does not allege that any acts or omission which gave rise to the alleged medical malpractice occurred in New Jersey.[5] For these reasons, the Court finds that venue is

---

[5] Plaintiff alleges in her Amended Complaint that venue is proper in New Jersey because she is a citizen of New Jersey, because Fox Chase Cancer Center does business in New Jersey, and because Dr. Mehra resides within 100 miles of the boundaries of New Jersey. Am. Compl. ¶ 3. The fact that the Plaintiff is a resident of New Jersey is not a substantial fact giving rise to the medical malpractice claim. The Supreme Court has held that, under § 1391(b),

not proper in New Jersey.[6]

### C.  Transfer of Venue Pursuant to 28 U.S.C. § 1406

Finding that venue is improper in New Jersey, however, does not end this Court's analysis.  According to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  § 1406(a).  "Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities.'"  Bockman, 459 Fed. App'x at 162 n.11 (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)); see also J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc., No. 10-3496, 2011 WL 463051, at *5 (D.N.J. Feb. 3, 2011) ("Transfer is generally more in the interest of justice than dismissal.") (internal quotation marks omitted).  Moreover, the fact that the Court does not have personal jurisdiction over the Defendants "does not strip it of the power to transfer the case to an appropriate district."  Gehling, 773 F.2d at 544 ("[A] district court lacking personal jurisdiction can transfer a case to a district in which the case could have been brought originally.")

The Court finds that this action could have originally been brought in the Eastern District

---

"Congress did not intend to provide for venue at the residence of the plaintiff."  Leroy v. Great Western United Corp., 443 U.S. 173, 185 (1979).  Furthermore, the fact that Fox Chase Cancer Center does business in New Jersey does not make New Jersey a proper venue, even if the American Oncologic Hospital was found to be affiliated with the New Jersey locations.  This is no more than a "tangential connection," since all alleged medical care that gave rise to Plaintiff's medical malpractice claim occurred in Pennsylvania and Plaintiff did not contend that she received any care in New Jersey.  Cottmann Transmission Sys., Inc., 36 F.3d at 294.  As stated by the Third Circuit, "general contacts with [a state] . . . fail[] to show the jurisdiction where the acts or omissions giving rise to the Complaint occurred."  Bockman, 459 Fed. App'x at 160.  Finally, there is no provision found anywhere in § 1391(b) that makes venue appropriate when the defendant resides within 100 miles of the jurisdiction in which the claim is brought.

[6] Since it has been determined that neither defendant is subject to personal jurisdiction in New Jersey, venue is also not appropriate under § 1391(b)(3).

10

of Pennsylvania.  Venue is appropriate under § 1391(b)(2) because, as previously stated, all of the substantial acts or omissions giving rise to Plaintiff's claim, such as the medical observation and treatment, occurred in Pennsylvania.[7]  Venue would also be proper under 1391(b)(1) because both Defendants reside in Pennsylvania.[8]  Furthermore, personal jurisdiction exists over both defendants in the Eastern District of Pennsylvania.[9]  There is general jurisdiction over Dr. Mehra because she is a citizen of Pennsylvania.  There is also general jurisdiction over American Oncologic Hospital since it is incorporated and has its principal place of business in Pennsylvania.  Furthermore, Defendants have expressed a willingness to submit to personal jurisdiction in the Eastern District of Pennsylvania by virtue of their alternative request to transfer.  And, Plaintiff consents to transfer.  (Doc. No. 11).  See Eldon v. Brown, No. 08-5422, 2010 WL 415317, at *3 (D.N.J. Jan. 29, 2010) (holding that transfer was "fair and aligned with the interests of justice" because both parties requested the transfer); see also Adelman v. Peter, No. 06-6007, 2007 WL 4557651, at *8 (D.N.J. Dec. 21, 2007) (holding that it was appropriate to grant the defendant's motion to transfer because, although plaintiffs did file opposition briefs, plaintiffs did not assert that they would prefer dismissal to transfer).

Because transfer to the Eastern District of Pennsylvania is appropriate and will facilitate a decision on the merits in this case, the Court concludes that this case should be transferred to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a).

---

[7] See supra, Part (III)(B)(2).

[8] See supra Part (III)(B)(1).

[9] See supra, Part (III)(A).

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion to dismiss for lack of improper venue and for lack of personal jurisdiction.  In the alternative, the Court will grant Defendants' motion to transfer pursuant to 28 U.S.C. § 1406(a).  An appropriate Order will issue.


Dated: 6/15/2015                                                            s/ Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge